**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COREY DEYON DUFFEY,** | ) | |
| **ID # 37465-177,** | ) | |
| **Movant,** | ) | **No. 3:15-CV-0500-B-BH** |
| **vs.** | ) | **No. 3:08-CR-0167-B (1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received February 11, 2015 (doc. 2), and *Supplement to Pending 2255 Motion* (doc. 16) should be **DENIED** with prejudice.

## I. BACKGROUND

Corey Deyon Duffey (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-167-B(1). The respondent is the United States of America (Government).

On November 19, 2008, Movant and others were charged by superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Counts One, Fourteen through Sixteen, Twenty, Twenty-four, Twenty-eight, Thirty-two, and Thirty-six); bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Twenty-two, Twenty-six, Thirty, Thirty-four, and Thirty-eight); attempted bank robbery 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Three and Eighteen); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (Counts Two, Four, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine,

Thirty-one, Thirty-three, Thirty-five, Thirty-seven, and Thirty-nine); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count Five). (*See* doc. 97.)[1] Movant pled not guilty and was tried before a jury with several co-defendants.

## A.    **Trial**[2]

On January 28, 2008, Movant and others robbed a Citi Bank of $5,000 in Garland, Texas. On February 1, 2008, Movant and others robbed a Comerica Bank in Desoto, Texas, of $245,000. On March 28, 2008, Movant and others robbed a Century Bank in Dallas, Texas. As they were leaving, a dye-pack exploded and tainted almost all of the stolen money, which they abandoned. Later that same day, Movant and others robbed the State Bank of Texas in Garland of $14,700. On April 24, 2008, Movant and others robbed a Bank of America in Irving, Texas, of $84,000, using a taser to stun bank tellers.

The Federal Bureau of Investigation (FBI) obtained cell site "dump" records corresponding to the area and time of a dozen bank robberies between November 15, 2007 and April 24, 2008. The "dump" records showed the cellular telephones using the cell tower closest to the banks at the time of the robberies. Those records showed that Movant and another suspected robber's cellular telephones used those cell towers at or around the time of each robbery. The FBI also obtained information from four informants concerning the identities and activities of some of the robbers.

On May 15, FBI agents, who were on high alert because of the bank robberies, observed two of the suspects near the Bank of America in Fort Worth, Texas. Based on their suspicious behavior, the agents believed that they were casing a bank in the area. The following day, FBI agents once

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-167-B(1).

[2] The facts are taken from the appellate court's summary of the evidence at trial and the order denying motions to suppress wiretap evidence.

again observed other suspects in the same area. On that day, Movant and others went to a Bank of America in Fort Worth, Texas, for another planned robbery. Movant became suspicious that a man outside of the bank seemed to be aware that there was going to be a robbery, so he canceled it.

On May 21, an FBI surveillance team saw Movant and others casing two different Bank of America locations in Richardson, Texas. On May 21 at 10:35 p.m., the Director of the FBI and Attorney General determined that an emergency situation existed to justify the interception of communications over another suspect's telephone, and shortly after midnight on May 22, the FBI began intercepting calls on his telephone without a warrant. On May 22, information gathered from the wiretap suggested that a robbery was imminent. The suspects abandoned the plan to rob the banks in Richardson, however, because they believed that the FBI was aware of the plan. The government subsequently applied for, and obtained on May 23, wiretap orders for the interception that had already begun on an emergency basis, and for a 30–day wiretap on the telephone. An order authorizing the interception of calls from a cellular phone used by Movant was obtained on May 30, 2008.

Through telephone intercepts, the FBI learned that the suspects were planning a robbery at the Regions Bank in Garland, Texas, on June 2, 2008. Near the Regions Bank, FBI agents observed Movant and another person parking a vehicle that had been stolen for the robbery. They met with two other suspects robbers in the bank's parking lot. Two others parked behind the stolen vehicle. Law enforcement officials then moved in to arrest them. Two were arrested without incident, but the other five heavily armed suspects fled. They were apprehended after high-speed chases, hostage-taking, kidnapping, police stand-offs, and collisions. Guns were used in all the robberies. *See United States v. Duffey*, 456 F. App'x 434, 436-38 (5th Cir. 2012); *see also* (doc. 230; *United*

*States v. Duffey*, 2009 WL 2356156 (N.D. Tex. July 30, 2009)).

The jury convicted Movant of Counts One through Five and Fourteen through Thirty-nine. (*See* doc. 322.)

## B. Sentencing

On October 14, 2009, the United States Probation Office (USPO) submitted a Presentence Report (PSR) that applied the 2008 United States Sentencing Guidelines Manual (USSG). (*See* doc. 341 at 15, ¶ 32.) For the conspiracy to commit bank robbery offenses (Counts One, Fourteen through Sixteen, Twenty, Twenty-four, Twenty-eight, Thirty-two, and Thirty-six), the PSR calculated a total offense level of 41, with a guideline range of 360 months to life, but the statutory maximum sentence for each count was 60 months. (*See id*. at 34, ¶ 140.) For the bank robbery offenses (Counts Twenty-two, Twenty-six, Thirty, Thirty-four, and Thirty-eight) and attempted bank robbery offenses (Counts Three and Eighteen), the PSR calculated a total offense level of 41, with a guideline range of 360 months to life, but the statutory maximum for each count was 300 months. (*See id*. at 35, ¶ 140.) For the felon in possession of a firearm offenses (Count Five), the PSR calculated a total offense level of 41, with a guideline range of 360 months to life, but the statutory maximum was 120 months. (*See id*. at 34, ¶ 140.) A mandatory sentence of 60 months was required by § 924(c)(1)(A) for the first conviction for use of a firearm during a crime of violence (Count Two), and mandatory sentences of 300 months were required by § 924(c)(1)(C) for the other convictions for use of a firearm during a crime of violence (Counts Four, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-three, Thirty-five, Thirty-seven, and Thirty-nine). (*See id* at 35, ¶ 140.)

Counsel objected to a two-level increase for bodily injury to a victim based on the use of a

taser on grounds that there was no bodily injury. (*See id*. at 41-43.) Counsel also objected to a two-level increase for obstruction of justice or reckless endangerment while Movant was a passenger in a vehicle that was fleeing from the police, and to a two-level increase for the use of body armor. (*See id*. at 40, 47-48; doc. 354 at 14-15.)

At sentencing on January 28, 2010, the Court sustained Movant's objections to the two-level increase for use of body armor (*see* doc. 353 at 10), resulting in an offense level of 37 and a guideline range of 235 to 293 months for the offenses that did not involve use of a firearm during a crime of violence. (*See id*. at 13.) It sentenced Movant to imprisonment for 60 months for Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, Thirty-two, and Thirty-six; 120 months for Count Five; 293 months for Counts Three, Eighteen, Twenty-two, Twenty-six, Thirty, Thirty-four, and Thirty-eight, to be served concurrently. He was sentenced to imprisonment for 60 months for Count Two, and to 300 months for Counts Four, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-three, Thirty-five, Thirty-seven, and Thirty-nine, to be served consecutively. (*See* doc. 314 at 2.) His total sentence was 4,253 months (354 years and 5 months). (*See id*.)

On appeal, the convictions for the attempted bank robberies (Counts Three and Eighteen) were reversed and vacated for insufficient evidence, as were the corresponding convictions for use of a firearm during the attempted bank robberies (Counts Four and Nineteen). *Duffy*, 456 F. App'x at 444. The case was remanded for resentencing. *Id*. at 445.

## C. Re-Sentencing

After remand, the Probation Office prepared an addendum to the PSR that was consistent with the Court's rulings on the original PSR. (*See* doc. 620.) The Court sentenced Movant to

imprisonment for 60 months for Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, Thirty-two, and Thirty-six; 120 months for Count Five; 293 months for Counts Twenty-two, Twenty-six, Thirty, Thirty-four, and Thirty-eight, to be served concurrently. He was sentenced to imprisonment for 60 months for Count Two, and to 300 months for Counts Seventeen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-three, Thirty-five, Thirty-seven, and Thirty-nine, to be served consecutively. (*See* doc. 506 at 2.) His total sentence was 3,653 months (304 years and 5 months). (*See id.*)

On November 7, 2013, the appeal from the amended judgment after resentencing was dismissed as frivolous. *United States v. Ross*, 544 F. App'x 544 (5th Cir. 2013).

**D.    Substantive Claims**

Proceeding *pro se*, Movant raised the following grounds:

(1)    Counsel was ineffective for failing to:

    (a)    conduct an adequate pretrial investigation;

    (b)    file substantive pretrial motions;

    (c)    properly inform him of the circumstances and consequences of pleading guilty, including the minimum and maximum sentence;

    (d)    attempt to negotiate a favorable plea agreement;

    (e)    discuss or explain the presentence report to him;

    (f)    file objections to the PSR that he requested;

    (g)    object and argue for mitigation of sentence;

(2)    The trial court erred in ruling that it was precluded from considering the mandatory consecutive sentence on the § 924(c) violations in determining the sentences for the bank robberies;

(3)    Appellate counsel was ineffective for failing to raise an issue about the trial court's

ruling admitting wiretap evidence.

(3:15-CV-500-B, doc. 2 at 4-8.)  The Government filed a response on April 13, 2015, and Movant

filed a reply on September 3, 2015.  (*Id.*, docs. 6, 10.)  Through counsel, he amended his motion to

raise a new claim that his sentences under § 924(c) were improper in light of *Johnson v. United

States*, 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  (*Id.*, doc. 16.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.

1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral

challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Defendants may only collaterally attack their convictions on grounds of error omitted from their

direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the

error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring

[such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine,

"to conserve judicial resources and to respect the law's important interest in the finality of

judgments."  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also

waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

### III.  STATUTE OF LIMITATIONS

The Government argues that Movant's original and supplemental claims are barred by the statute of limitations.

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.    Calculation of One-Year Period

With regard to § 2255(f)(1), the judgment became final on February 5, 2014, when the ninety-day period for filing a petition for writ of certiorari expired.  *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)).  Movant does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2).  The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not

apply.

Section 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," does not apply. Movant cites *Johnson*, in which the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B)(ii) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under § 924(e) of the ACCA. He was convicted and sentenced for using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence under § 924(c). A "crime of violence" in § 924(c) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

*Johnson* did not address the residual clause of § 924(c)(3)(B), and it did not recognize a new right regarding that residual clause. *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (residual clause of § 924(c)(3)(B) is not unconstitutionally

vague under *Johnson*); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (residual clause of 18 U.S.C. § 16(b) that defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was not unconstitutionally vague under *Johnson*). Because *Johnson* did not recognize that the residual clause of § 924(c)(3)(B) or a similarly worded residual clause is unconstitutionally vague, § 2255(f)(3) does not apply.

Movant also cites *Mathis* in support of his claim regarding the use of the bank robbery convictions as crimes of violence under § 924(c). *Mathis* did not announce a new rule. *See* 136 S. Ct. at 2257; *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law). It therefore cannot form the basis for applying § 2255(f)(3). *See, e.g.*, *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final.").

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, he had until February 5, 2015, to raise his original and supplemental claims.

**B.** **Filing Date**

Movant's § 2255 motion and memorandum in support were received by the Court and filed on February 11, 2015. (*See* docs. 2 at 1, 3 at 1.)

Rule 3(d) of the Rules Governing Section 2255 Cases, the "mailbox rule," provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in

> compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must
> set forth the date of deposit and state that first-class postage has been prepaid.

*See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Although Movant's § 2255 motion is dated February 3, 2015, it does not state when he deposited it in the prison's internal mailing system. He did not include a declaration under 28 U.S.C. § 1746 or notarized statement that he deposited the motion in the prison's internal mailing system on or before February 5, 2015. His reply states that the motion was deposited in the prison mailing system on February 3, 2015, but the statement was not verified by a § 1746 declaration or notarized statement. (*See* doc. 10 at 2.)

The docket reflects that the initiating documents for this case were received by mail, but no postmark is visible on the envelope in which the § 2255 motion arrived. The postmark on his reply, dated September 2, 2015, shows it was filed while he was a prisoner in Colorado, but it was mailed from Garland, Texas, and received by the Court on September 3, 2015. (*See* doc. 10 at 8-9.) This shows that Movant did not always use the prison mail system to send filings directly to the Court. The mailbox rule does not apply if an inmate mails a habeas petition to a third party to mail to the court. *See Driscoll v. Thaler*, No. 4:12-CV-330, 2012 WL 3656296 at *1 n.2 (N.D. Tex. Aug. 27, 2012) (mailbox rule does not apply if an inmate sends a petition to a third party to file with the court); *see also Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (the mailbox rule does not apply when an inmate delivers his filing to an agent); *Gray v. Thaler*, No. 3:09-CV-0304, 2009 WL 3614458, at *3 (N.D. Tex. Oct. 30, 2009) (mailbox rule does not apply to habeas petitions filed by a friend or family member).

Because Movant did not comply with Rule 3(d), and nothing in the record shows that he

deposited the § 2255 motion in the prison mail system as legal mail to be sent directly to this Court on or before February 5, 2015, he has not shown that his § 2255 motion was timely filed. *See United States v. Garza*, No. 2:15-CV-502, 2016 WL 2346945 at *2 (S.D. Tex. May 4, 2016) (movant did not provide evidence that his motion, although timely signed, was deposited in the prison mail before the limitations period expired). The date of filing of the § 2255 motion is therefore February 11, 2015, the date that it was received by the Court. His supplemental § 2255 motion was filed by counsel on June 27, 2016. The § 2255 motion and supplemental motion are therefore untimely in the absence of equitable tolling.

## C.    <u>Equitable Tolling</u>

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the

burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir.

2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient

exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th

Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary

circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable

tolling.  Nor does he assert any other basis for equitable tolling.  His § 2255 motion and

supplemental motion are therefore untimely.  Even assuming that Movant deposited his § 2255

motion in the prison mailing system on February 3, 2015, making it timely, his claims lack merit.

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n

all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense."  U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the

effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668

(1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective

assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and

that the deficient performance prejudiced his or her defense.  *See Strickland v. Washington*, 466 U.S.

668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that

counsel's performance was constitutionally effective.  *See* 466 U.S. at 696.  The Court may address

the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable assistance."

*Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.   <u>Pretrial Investigation</u>

Movant contends that counsel was ineffective for failing to adequately investigate the case.

He asserts that there were defense witnesses that counsel could have subpoenaed, and counsel did not investigate any affirmative defenses or mitigating evidence.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a movant must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Claims of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would have testified, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id.*

Movant has not identified any potential witnesses, affirmative defenses, or mitigating evidence that counsel should have discovered through investigation, and he has not shown how the outcome could have been different had counsel done so. He is not entitled to relief on this conclusory claim. *See Woods*, 870 F.2d at 288 n.3. He has not shown deficient performance or prejudice.

## B.      Pretrial Motions

Movant contends that counsel was ineffective for failing to file substantive pretrial motions, including motions for discovery, Rule 404(b) material, *Brady/Giglio* material, agents' preservation

of rough notes, the identity of confidential informants and equal access to them, dismissal of the indictment, suppression of wiretap evidence, and grand jury testimony.

Counsel adopted a co-defendant's motion to suppress wiretap evidence, (doc. 153), and Movant has not shown that the Government did not provide discovery, exculpatory evidence, or Rule 404(b) material. He has not shown that his other proposed motions had merit, were necessary, and/or affected the outcome of the case. He has not shown deficient performance or prejudice.

## C.    Advice about a Guilty Plea

Movant contends that counsel did not inform him of the maximum sentence or that he could receive a reduction in offense levels for acceptance of responsibility if he pleaded guilty, and that counsel did not provide him with discovery so that he could view the strengths and weaknesses of the Government's case. He claims that if this been done, in light of the overwhelming evidence against him, there was a reasonable probability that he would have pleaded guilty.

A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant does not provide any independent indicia of reliability or evidence in support of his allegations. He does not allege that counsel failed to discuss with him the sentence he was facing. He contends that counsel did not properly inform him of the maximum sentence, but he fails to explain how. He concedes that counsel told him that if he pleaded guilty, he would receive the same sentence as if he proceeded to trial. Movant faced a mandatory sentence of 3960 months' imprisonment (330 years' imprisonment) for the fourteen counts of using of a firearm during a crime of violence, since the sentences had to be consecutive, in addition to sentences of 293 months' imprisonment for other offenses. Although acceptance of responsibility could have reduced the sentences for the other offenses, a two or three-level reduction would have had no effect in light of the mandatory 3960-month sentence. The record does not show, and he does not allege, that the Government offered a plea agreement for a sentence less than 3960 months in addition to guideline sentences for the other offenses.

Movant's assertion that he would have pleaded guilty if counsel had provided him with discovery so that he could be informed of the strengths and weaknesses of the government's case is also not supported by the record. He does not allege that counsel failed to show him the discovery or explain what it showed, only that counsel did not provide it. It is unclear whether he is alleging that he was not provided copies of the discovery. He does not allege that counsel failed to inform him of the strengths and weaknesses of the government's case. Furthermore, the record shows that even after he heard the evidence at trial, he persisted in claiming he was innocent at the sentencing phase. (*See* doc. 353 at 15, lines 19-20.) Per Movant's instructions, counsel informed the Court at sentencing that Movant did not want to concede that he was guilty. (*See* doc. 353 at 8.) This undermines his claim that he would have pleaded guilty but for counsel's advice and actions.

He has not shown deficient performance or prejudice.

**D.** **Plea Agreement**

Movant contends that trial counsel was ineffective for failing to seek a plea agreement.

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement if counsel had sought one, or that he would have accepted it. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.")); *see also United States v. Armstrong*, No. 2:12-CV-406, 2013 WL 5592331 at *10 (S.D. Tex. Oct. 10, 2013) (movant not entitled to relief for claim of ineffective assistance for failure to negotiate a plea agreement, where record did not show what plea discussions took place and movant did not allege he would have accepted a plea offer).[3] Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

**E.** **Review of PSR**

Movant contends that counsel did not discuss or explain the PSR to him. His claim refers to the original sentencing. The case was remanded for resentencing, and he does not allege that counsel failed to discuss the PSR at resentencing. At the original sentencing and at resentencing, he told the Court that he and counsel reviewed the PSR, that he understood it, and that he had no

---

[3] According to an affidavit from trial counsel, the Government would not offer a plea agreement. (*See* doc. 7 at 16.)

questions about it. (*See* docs. 353 at 4-7; 557 at 5-6.) He has not shown that counsel was ineffective in reviewing the PSR and addendum with him.

## F.     Objections to PSR

Movant contends that counsel did not make objections to the PSR that he requested. He asserts that he informed counsel that he did not want to concede his guilt or to concede that he had certain roles in the offenses. He claims that counsel failed to object to the PSR regarding the consecutive sentences for the § 924(c) offenses of using a firearm during a crime of violence.

To the extent that he appears to claim that counsel failed to follow his wishes, the record does not support his claim. Counsel informed the Court at sentencing that Movant did not want to concede that he was guilty or that he had certain roles in the offenses. (*See* doc. 353 at 8.) Counsel successfully objected regarding the use of body armor. (*See id*. at 8, 10.) Section 924(c)(1)(D)(ii) provides that sentences for § 924(c) offenses cannot be concurrent with any other sentences. *See United States v. Chapman*, 851 F.3d 363, 373 n.5 (5th Cir. 2017) ("[a]ny sentence under § 924(c) must be consecutive to any other sentence a defendant receives"). An objection to the § 924(c) sentences being consecutive would have been meritless. Counsel was not ineffective for failing to raise a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Moreover, counsel unsuccessfully objected that the mandatory consecutive sentences violated the Eighth Amendment's prohibition of cruel and unusual punishment. (*See id*. at 10.) Movant has not shown that counsel was ineffective regarding objections to the PSR.

## G.     Mitigation

Movant contends that counsel failed to argue in mitigation of the sentence, other than making

an Eighth Amendment objection. He does not assert any specific mitigation argument that counsel should have made. He is not entitled to relief on this conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

## V. BANK ROBBERY SENTENCES

Movant contends that the Court erred in ruling that it could not consider the fact that the sentences for the § 924(c) offenses were to be consecutive when determining the sentences for the bank robberies. The Government asserts that this claim is procedurally barred because it was not raised on direct appeal. (*See* 3:15-CV-500-B, doc. 6 at 22-23.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, the movant must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.

This issue was not raised on appeal. Movant has not shown any reason for the failure to raise that issue on appeal, and he does not assert cause and prejudice to excuse the procedural bar. He is procedurally barred from raising this claim in his § 2255 motion.

This claim also lacks merit. The record does not reflect any ruling that in determining the appropriate sentences for the bank robberies, the Court could not take into account the fact that the § 924(c) sentences would be consecutive.

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant contends that appellate counsel was ineffective for failing to appeal the denial of the motion to suppress wiretap evidence.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been

ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' " *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Movant argues that the Court relied on illegal wiretaps of a conspirator's phone to obtain the wiretap order for his phone, and that it dispensed with a required showing of necessity.

The Court throughly explained its rationale for determining that the wiretap of the conspirator's phone was legal and denying the motion to suppress wiretap evidence. (doc. 230; *United States v. Duffey*, 2009 WL 2356156, *4-7 (N.D. Tex. July 30, 2009)). Because the wiretap was legal and there was probable cause to order a wiretap of Movant's phone, the evidence obtained from the wiretap of Movant's phone was not subject to suppression. *Id*. at *7. The Court also did not dispense with the necessity requirement. To obtain a wiretap order under 18 U.S.C. § 2518(3), the government must show that "normal investigative procedures have been tried and have failed

or reasonably appear to be unlikely to succeed if tried or to be too dangerous." The Court found that the required showing was made in this case. *Duffey*, 2009 WL 2356156 at *6.

Movant has not shown that the suppression issue was meritorious and that there was reasonable likelihood that he would have prevailed on that issue. He has not shown deficient performance or prejudice.

## VII. *JOHNSON/MATHIS*

Movant's supplemental ground contends that his § 924(c) sentences are invalid in light of *Johnson* and *Mathis*. The federal crime of bank robbery under § 2113 is a crime of violence under § 924(c). *See United States v. Ward*, 698 F. App'x 178 (5th Cir. 2017). His § 924(c) sentences, predicated on federal bank robberies as crimes of violence, were not invalid under *Johnson* and *Mathis*.

## VIII. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## IX. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 29th day of December, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE